# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>    Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON,<br><br>    Defendant. | Case No.: 1:18-cv-01170-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A FRESNO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO COMPLY WITH COURT ORDER, FAILURE TO PROSECUTE, AND FAILURE TO PAY FILING FEE<br><br>**FOURTEEN-DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Antwoine Bealer is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated the instant action on May 14, 2018, and the complaint was entered on August 29, 2018. (ECF No. 1.)

On August 30, 2018, the Court ordered Plaintiff to submit an application to proceed *in forma pauperis* or pay the $400.00 filing fee within forty-five days. (ECF No. 3.)

On October 1, 2018, Plaintiff submitted a motion to proceed *in forma pauperis*, along with certified copy of his trust account statement. (ECF No. 5.) However, Plaintiff's application did not include Plaintiff's original signature. Each document submitted for filing must include the original signature of the filing party. Local Rule 131; Fed. R. Civ. P. 11(a).

///

1

On October 3, 2018, the Court informed Plaintiff of the deficiencies in his application, and again ordered him to submit an application to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915, or pay the $400.00 filing fee. (ECF No. 7.) Plaintiff was permitted thirty days to comply with that order.

More than thirty days have passed, and Plaintiff has not filed any application, paid the filing fee, or otherwise responded to the Court's second order.

**II.**

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff was ordered to either file an application to proceed *in forma pauperis* or pay the filing fee within thirty days of the Court's October 3, 2018 order. In the order, Plaintiff was expressly warned that the failure to comply with the order would result in this action being dismissed. (ECF No. 7 at 2.) The deadline has passed, and Plaintiff has not filed the application to proceed *in forma pauperis*, paid the filing fee in this action, or otherwise responded to the Court's order. The Court cannot effectively manage its docket if a party ceases litigating the case. For these reasons, the Court recommends that this action be dismissed.

# III.

# CONCLUSION AND RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to prosecute, and failure to pay the filing fee or submit an application to proceed *in forma pauperis* in compliance with the Court's order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 13, 2018**

UNITED STATES MAGISTRATE JUDGE