# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KERN VALLEY STATE PRISON,<br><br>　　　　　Defendant. | Case No.: 1:18-cv-01170-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 11)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Antwoine Bealer is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated the instant action on May 14, 2018, and the complaint was entered on August 29, 2018. (ECF No. 1.) Plaintiff did not pay the filing fee or file any application to proceed *in forma paueris* pursuant to 28 U.S.C. § 1915. Therefore, on August 30, 2018, the Court ordered Plaintiff to either submit an application to proceed in forma pauperis or pay the filing fee within forty-five days. (ECF No. 3.) The Court did not receive a response from Plaintiff regarding that order before the deadline expired.

1

On November 13, 2018, the Court issued findings and recommendations to dismiss for Plaintiff's failure to submit an application to proceed *in forma pauperis* or pay the $400.00 filing fee in this action. (ECF No. 8.) On November 26, 2018, the Court received a notice from Plaintiff, stating that he had submitted his application to the Trust Office for certification and thought that it had been sent to the Court after processing, and had first discovered from the findings and recommendations that there was an issue. (Doc. No. 9.) For good cause shown, the Court vacated its findings and recommendations, and extended the deadline for Plaintiff to comply with the prior order. (Doc. No. 10.)

On December 11, 2018, Plaintiff filed an application to proceed *in forma pauperis*, on extension. (ECF No. 1.) That application is currently before the Court.

## II.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III.

## DISCUSSION

The Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: (1) Antwoine Bealer v. Wilson., No. 1:16-cv-00672-DAD-SAB (E.D. Cal. May 12, 2016) (dismissed for failure to state a claim); (2) Antwoine Bealer v. Kern Valley State Prison., No. 1:16-cv-00367-LJO-SKO (E.D. Cal.

March 17, 2016) (dismissed for failure to state a claim); (3) Antwoine Bealer v. Kern Valley State Prison, No. 1:17-cv-01277-LJO-SAB (E.D. Cal. March 7, 2017) (dismissed for failure to state a claim).[1]

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the inquiry is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

Here, Plaintiff alleges that in March 2014, he was placed in the Administrative Segregation Unit, and subsequently placed in the Security Housing Unit, without sufficient cause and to interfere with his programming. The Court finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff has not shown that he is at risk of any serious physical injury. Rather, he seeks damages related to an argument that there was an error in his classification status, and for a lower placement score. Accordingly, Plaintiff is ineligible to proceed *in forma pauperis* in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

## IV.

## CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 11) be denied; and

2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these findings and recommendations.

///

---

[1] Plaintiff's appeal of the dismissal in the third suit (Antwoine Bealer v. Kern Valley State Prison, No. 1:17-cv-01277-LJO-SAB (E.D. Cal)) is pending before the Ninth Circuit. However, the Supreme Court has held that "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending." Coleman v. Tollefson, 135 S. Ct. 1759, 1765, 191 L. Ed. 2d 803 (2015). See also Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015) ("dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal") (quoting Coleman, 135 S. Ct. at 1763). Therefore, the Court may rely on the dismissal in Plaintiff's third suit even though an appeal is pending in that matter.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 11, 2018**

UNITED STATES MAGISTRATE JUDGE